1  Renée Welze Livingston (SBN 124280)
   Jason G. Gong (SBN 181298)
2  LIVINGSTON LAW FIRM
   A Professional Corporation
3  1600 South Main Street, Suite 280
   Walnut Creek, CA 94596
4  Tel: (925) 952-9880
   Fax: (925) 952-9881
5
   Attorneys for Defendant
6  FEDERAL DEPOSIT INSURANCE CORPORATION
   as Receiver for INDYMAC FEDERAL BANK, F.S.B. (incorrectly
7  sued as "INDYMAC FEDERAL BANK") and INDYMAC BANK, F.S.B.
   (incorrectly sued as "INDYMAC, F.S.B.")
8

9              UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  DEBRA A. GARNER,                    )  Case No. 2:10-cv-00492-JAM-GGH
                                        )
                Plaintiff,              )  [PROPOSED] ORDER GRANTING
13                                      )  MOTION TO DISMISS OF DEFENDANT
         vs.                            )  FEDERAL DEPOSIT INSURANCE
14                                      )  CORPORATION, AS RECEIVER FOR
    INDYMAC FEDERAL BANK;               )  INDYMAC BANK, F.S.B. AND
15  INDYMAC, F.S.B.; MORTGAGE           )  INDYMAC FEDERAL BANK, F.S.B. AND
    ELECTRONIC REGISTRATION             )  ORDER TO PLAINTIFF'S COUNSEL TO
16  SYSTEMS, INC.; AMERICAN PACIFIC     )  SHOW CAUSE
    MORTGAGE CORPORATION; KURT A.       )
17  REGISIG; and DOES 1-20 inclusive,   )  Date: July 7, 2010
                                        )  Time: 9:30 a.m.
18              Defendants.             )  Dept.: Courtroom 6 - 14th Floor
                                        )  Honorable John A. Mendez
19                                      )
                                        )  Complaint Filed: September 9, 2009
20  _____)  Trial Date: None

21      On July 7, 2010 at 9:30 a.m. in Courtroom 6 of the above-captioned court, the Court

22  considered the Motion to Dismiss or, in the alternative, Motion for Summary Judgment of the

23  Defendant FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for IndyMac

24  Bank, F.S.B. and IndyMac Federal Bank, F.S.B. ("FDIC/R"). Jason G. Gong, Esq., Livingston

25  Law Firm appeared for Defendant and moving party FDIC/R. No appearance was made on

26  behalf of Plaintiff Debra A. Garner ("Plaintiff" or "Garner") by her counsel of record, Jeffrey D.

27  Tochterman.

28

*Garner, et al. v. IndyMac Federal Bank, et al.* Case No. 2:10-cv-00492-JAM-GGH
[Proposed] Order Granting Motion to Dismiss of FDIC, as Receiver for IndyMac Bank, F.S.B. and IndyMac Federal
Bank, F.S.B. and Order To Plaintiff's Counsel to Show Cause

1

1   Based upon the merits of the FDIC/R's unopposed motion and good cause appearing, the
2   Court finds that Plaintiff's claims asserted against the FDIC/R in this action fail because the
3   claims are moot and no longer cognizable in light of the FDIC Board of Directors' worthlessness
4   determination regarding both of the IndyMac Receiverships. Because Plaintiff's claims do not
5   present a justiciable case or controversy as required by Article III of the United States
6   Constitution, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims
7   against the FDIC/R. To the extent that Plaintiff seeks declaratory and injunctive relief against
8   the FDIC/R, the Court concludes that the claims are barred by 12 U.S.C. § 1821(j) and are
9   likewise not cognizable.

10   For the foregoing reasons, IT IS HEREBY ORDERED, DECREED, and ADJUDGED
11   that the Court lacks subject matter jurisdiction over Plaintiff's claims against the FDIC/R.
12   Accordingly, the Court GRANTS Defendant FDIC/R's Motion to Dismiss pursuant to Fed. R.
13   Civ. P. Rule 12(b)(1) and DISSMISSES plaintiff's First Amended Complaint against the FDIC
14   with prejudice.

15   The Court finds that sanctions are appropriate and will be imposed against Plaintiff's
16   counsel, Jeffrey D. Tochterman, for counsel's failure to attend the July 7, 2010 hearing on the
17   FDIC/R's Motion to Dismiss. Accordingly, the Court directs counsel for the FDIC/R to prepare
18   and submit a declaration indicating the amount of attorneys' fees and costs that the FDIC/R has
19   incurred for preparing and presenting its dispositive motion, including the time and expense that
20   counsel has incurred to attend the July 7, 2010 hearing.

21   ~~In addition, the Court orders Plaintiff's counsel to show cause for his failure to appear at~~
22   the July 7, 2010 hearing. Plaintiff's counsel is hereby directed to file a declaration under penalty
23   of perjury within ten (10) days of service of this Order in order to address the reason(s) for
24   ~~counsel's unexcused failure to appear.~~

25   IT IS SO ORDERED.
26   Dated: 7-23-2010

Honorable John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

27
28