IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBRA A. GARNER,

    Plaintiff,

        v.

INDYMAC FEDERAL BANK; INDYMAC F.S.B.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; AMERICAN PACIFIC MORTGAGE CORPORATION; KURT A. REISIG; and DOES 1-20 inclusive,

    Defendants.
_____/

Case No. 2:10-CV-00492-JAM-GGH

<u>SANCTIONS ORDER</u>

    This matter is before the Court for an award of attorneys' fees and costs incurred by Defendant FDIC ("FDIC") (as Receiver for Indymac Bank, F.S.B. and Indymac Federal Bank, F.S.B.), to be paid as a sanction by Jeffrey D. Tochterman, attorney for Plaintiff Debra Garner. Pursuant to the Court's Order (Doc. 21), attorney Jeffrey D. Tochterman is ordered to pay FDIC's attorneys' fees and costs incurred in preparation of the dispositive motion and attendance at the July 7, 2010 hearing on the motion. Mr. Tochterman failed to attend the hearing, and

failed to respond to FDIC's motion to dismiss. Accordingly, the Court granted FDIC's motion and ordered sanctions against Mr. Tochterman in the form of compensation to FDIC of attorneys' fees and costs. Having reviewed the declaration of FDIC attorney Jason Gong (Doc. 19), the Court finds that Mr. Gong's fees and costs are reasonable.

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F3d 1014, 1028 (9th Cir. 2000). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle, 224 F.3d at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998).

The Court finds the 12.9 hours spent by Mr. Gong in preparation of the Motion to Dismiss to be reasonable. The Court further finds the 5.0 hours spent in preparation, travel and attendance at the hearing on the motion to be reasonable. Mr. Gong's hourly billing rate of $265.00 for legal work and $132.50 for travel are reasonable hourly rates. Accordingly, the Court awards FDIC a total of $4,306.25 in attorney's fees. The Court also awards FDIC the $95.35 in costs that Mr. Gong incurred attending the hearing.

### ORDER

Mr. Tochterman is hereby ordered to pay $4,401.60 to FDIC as a sanction for failing to appear at the hearing. This

2

sanction must be paid within ten (10) days of the date of this order. This sanction is to be paid by Mr. Tochterman personally, and is not to be passed on as a cost to Plaintiff in any form.

Additionally, the Court notes that Mr. Tochterman has failed to pay the Clerk of the Court $250 for failing to appear at the July 7, 2010 hearing on Plaintiff's Motion to Dismiss for Lack of Jurisdiction, as ordered by the Court on July 22, 2010 (Doc. 18). Mr. Tochterman is again ordered to pay this sanction to the Clerk of the Court within ten (10) days of the date of this order, and is warned that further failure to pay will result in an increased sanction and referral to the State Bar for disciplinary action.

IT IS SO ORDERED.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

DATED: September 3, 2010